IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENWOOD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | FINDINGS OF FACT, CONCLUSIONS |
| Plaintiff, | ) | OF LAW AND ORDER |
| | ) | |
| vs. | ) | C/A No. 8:08-1763 HFF |
| | ) | |
| Eric B. Caldwell, | ) | |
| | ) | |
| Defendant. | | |

This action is brought by the United States of America to foreclose one real estate mortgage. Upon consideration of the Complaint of Plaintiff, the Affidavit of Default and Amount Due as to Eric B. Caldwell, I make the following Findings of Fact:

The Lis Pendens herein was filed in the Office of the Clerk of Court for Newberry County, South Carolina on May 14, 2008, in Book 08LP36, at Page 97, and Defendant was duly served with a copy of the Summons and Complaint as shown by the Affidavit of Publication showing receipt of Summons and Complaint on file herein. No answer or other defense has been filed by Defendant and default was entered on April 7, 2009, in the Office of the Clerk of Court, and no proceedings have been taken by the said Defendant since entry of default.

On or about June 30, 1993, for value received, Eric B. Caldwell made, executed and delivered to the United States of

1

America, acting through Rural Development, United States Department of Agriculture, and its assigns, a certain mortgage note in writing whereby he promised to pay the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, the principal sum of $10,280.00 with interest from date at the rate of 7.25 percent per annum on the unpaid balance until paid, payable in installments of principal and interest as therein provided, to wit:

The sum of $69.00 on July 28, 1993, and equal and successive installments in the sum of $69.00 thereafter on the 28th of each month until fully paid, except that if not sooner paid, the final installment would be due and payable thirty-three (33) years from the date of the aforesaid promissory note.

On or about June 30, 1993, for value received, Eric B. Caldwell made, executed and delivered to the United States of America, acting through Rural Development, United States Department of Agriculture, and its assigns, a certain mortgage note in writing whereby he promised to pay the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, the principal sum of $32,720.00 with interest from date at the rate of 7.25 percent per annum on the unpaid balance until paid, payable in installments of principal and interest as therein provided, to wit:

The sum of $218.00 on July 28, 1993, and equal and

2

successive installments in the sum of $218.00 thereafter on the 28th of each month until fully paid, except that if not sooner paid, the final installment would be due and payable thirty-three (33) years from the date of the aforesaid promissory note.

On or about June 30, 1993, in order to secure the payment of the indebtedness represented by the mortgage note described herein, and in accordance with the terms thereof, the said executed in favor of the United States of America, acting through Rural Development, United States Department of Agriculture, and its assigns, a mortgage whereby he granted, bargained, sold and released unto the mortgagee, and its assigns, the real estate situated in the County of Newberry, State of South Carolina, to-wit:

> All that piece, parcel or lot of land situate, lying and being in Tax District No. 1, City of Newberry, County of Newberry, State of South Carolina, being more particularly described as Lot No. 8 on a plat of the Murray Co. Of Newberry, Inc., Sub Division of Old Cline Property, made by Walton Halfacre, dated October 6, 1982, and revised April 26, 1983, by Claude Johnson, recorded in the office of the Clerk of Court for Newberry County in Plat Book AA, Volume 2, at page 79, reference to which is craved for a more particular description according to its metes, bounds, courses and distances. The within property being more recently described on a plat dated June 20, 1983, and recorded in the Office of the Clerk of Court for Newberry County in Plat Book AC, Volume 2 at page 20.
>
> This is the same property conveyed to **Eric B. Caldwell** by Quitclaim Deed of the United States of America dated June 1, 1993, and

3

recorded on June 30, 1993, in Deed Book 378 at page 158.

The mortgage was duly recorded in the Office of the Clerk of Court for Newberry County, South Carolina, on June 30, 1993, in Book 404, Page 33.

In said mortgage Defendant covenanted and agreed to pay promptly all installments of principal and interest as they became due according to the terms of the note aforesaid, together with annual mortgage insurance premiums, premiums on policies of fire and other hazard insurance covering the mortgaged property, plus taxes and special assessments as provided in said mortgage.

The aforesaid note and mortgage is in default and Defendant, has failed and refused to reinstate the note account to a current status, although due demand has been made upon to do so. Plaintiff has elected to declare the entire amount due upon said notes and mortgages, together with all amounts due for charges, advances, mortgage insurance, taxes and insurance premiums now due and payable.

The amount due and owing to Plaintiff herein on the note and mortgage aforesaid is the sum of $54,440.20, as of February 7, 2007, with a  daily interest accrual thereafter at the rate of $7.502, as is shown in the Affidavit of Default and Amount Due on file herein. This loan is subject to interest credit recapture.

Plaintiff has waived claim to a deficiency judgment in this matter.

4

The **United States of America**, by and through its agency, **Internal Revenue Service**, has a Notice of Federal Tax Lien against Eric Caldwell filed August l6, 2005 in the office of the Clerk of Court against Eric Caldwell filed August l6, 2005 in the office of the Clerk of Court for Newberry County, S.C. in Judgment Roll #56l0l in the original amount of $4,221.9l. Said lien is junior priority the to the mortgage lien of the plaintiff.

<u>CONCLUSIONS OF LAW</u>

I conclude that as a matter of law Plaintiff is entitled to have its mortgages foreclosed and the property therein described sold and the proceeds applied to the payment of the debt owing to Plaintiff. It is, therefore,

<u>ORDERED:</u>    That Defendant, Eric B. Caldwell, and all persons claiming by, through and under him be, and they are, hereby forever barred and foreclosed of all right, title, interest and equity of redemption in and to the mortgaged premises and to any part thereof, and that the said property described in the real estate mortgages be sold, subject to ad valorem taxes, by the United States Marshal for the District of South Carolina, at public sale at the Newberry County, South Carolina Courthouse on the earliest possible date, after publication of notice of sale once a week for four weeks prior to the sale in the **NEWBERRY OBSERVER**, a newspaper regularly issued and of general circulation in Newberry County, South Carolina, to the highest bidder for cash, the

5

purchaser of said real estate to pay extra for deed and revenue stamps.

The Marshal shall require the successful bidder at the sale, other than Plaintiff in this action, to deposit with him immediately thereafter cash or certified checks in the amount of five (5%) of his bid as guaranty of good faith and as security for compliance with his bid. Plaintiff, having waived a deficiency judgment against Defendant, the bidding will not remain open for the customary period of thirty (30) days following the sale of the property.

Should any successful bidder fail to comply with his bid within ten (10) days from the date of sale, his deposit shall be forfeited, and immediately without further order, the United States Marshal shall readvertise and resell the mortgaged property on the earliest possible date thereafter, on the same terms and conditions, and at the risk of the defaulting bidder. Plaintiff may become a purchaser at the sale or any resale. Upon compliance by the purchaser with his bid, and with the terms of sale, the United States Marshal shall make, execute and deliver to the purchaser a good and sufficient fee simple deed of conveyance of the premises so sold, and the purchaser shall be let into the possession of the premises upon production of his deed. All persons holding adversely to the purchaser shall be ejected by the United States Marshal.

6

IT IS FURTHER ORDERED: That from the proceeds of sale, the United States Marshal shall pay the costs and expenses of this action, the amount due Plaintiff as herein found and determined and the surplus, if any, be held pending further order of this Court.

After the sale of the premises, and as soon as the sale by the United Marshal is complete, and has been approved by the Court, the mortgagor(s), or persons(s) in possession, shall within fifteen days of the date of approval by the Court, move from the premises, and give up the premises, without damage or vandalism. Upon failure of any mortgagor(s) or person(s), in possession in the name of, because of the mortgagor(s), to vacate premises within fifteen days of the date of approval by the Court, the United States Marshal **Or Sheriff** is authorized, empowered and directed to enter upon the premises, and forcibly eject the parties therefrom, unless prior to such date, the mortgagor(s) or person(s) in possession have obtained from the Court an Order extending the time which said mortgagor(s) or person(s) shall have to vacate said premises. The United States Marshal (or his deputies)**or the Sheriff** is also authorized to remove from the premises any furniture or other possessions of the mortgagor(s) or person(s) in possession, and any interference with the activities of the Marshal will be upon pain of contempt of Court.

7

IT IS SO ORDERED.

                                        s/Henry F. Floyd
                                        UNITED STATES DISTRICT JUDGE

Spartanburg, S. C.

April 7, 2009